IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

HAROLD TARTER §

v. § CIVIL ACTION NO. 9:04cv166

DIRECTOR, TDCJ-CID §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Harold Tarter, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Tarter was convicted of operating an unauthorized business within the prison, in that he agreed to perform legal work for an inmate named Hopson for a fee. Tarter received as punishment 15 days of cell and commissary restriction, reduction in classification status, and the loss of 10 days of good time.

In his federal habeas corpus petition, Tarter says that he was deprived of fundamental fairness in the hearing in that the disciplinary hearing officer, Captain Ross, commented that "in all my years of legal experience, I've never heard of inmates doing legal work for nothing." Tarter also said that Ross would not honor the objections which Tarter made when Ross was questioning a witness named Simmons, that there was no evidence to support the conviction, and that he was denied due process when money was forfeited from his account without authorization.

The Magistrate Judge ordered the Respondent to answer Tarter's petition and an answer was filed. The Magistrate Judge also received and reviewed copies of the state records, including the disciplinary hearing tape.

The Respondent argued first that Tarter had failed to exhaust his administrative remedies on two of his claims, including the conduct of the hearing officer and the forfeiture of the money. The Magistrate Judge reviewed Tarter's grievances, the vehicle through which Tarter must exhaust the state remedies available to him, and concluded that Tarter had failed to exhaust his available remedies on these two claims and that the claims were therefore procedurally defaulted.

The Magistrate Judge then went on to conclude that these two claims lacked merit even if they were not procedurally defaulted. The first of these claims involves the conduct of the hearing officer, including the overruling of Tarter's objections and the comment by Captain Ross. The Magistrate Judge concluded that Tarter's claim on this point was not sufficient to show that he was denied due process or fundamental fairness. Specifically, the Magistrate Judge stated that any error in Ross' statement was harmless, given the substantial quantum of evidence supporting Tarter's guilt, and that Tarter received notice of the offense charged and was able to prepare and present a defense, which satisfied the requirements of due process. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

The second of Tarter's procedurally defaulted claims concerned the forfeiture of the money; the Magistrate Judge concluded that this claim was in effect a complaint that TDCJ-CID Administrative Directive 03.51 was violated. The Magistrate Judge determined that the violation of a prison regulation did not implicate any constitutionally protected liberty interests and so Tarter's claim was meritless. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). The Magistrate Judge further reasoned that Tarter did not have a valid property interest in the money because he was not authorized to possess it.

With regard to Tarter's claim of the sufficiency of the evidence, the Magistrate Judge accurately set forth the standard for analyzing such claims: disciplinary proceedings will be

overturned only where there is no evidence whatsoever to support the result reached. Smith v. Rabelais, 659 F.2d 539 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.")

In this case, as the Magistrate Judge observed, the evidence showed that Tarter was assisting Hopson with legal work, and that Hopson's sister, Rita Selby, sent Tarter $300.00. A letter from Selby to Hopson refers to Hopson wanting her to send Tarter the money out of the funds that she had been sending to Hopson. The Magistrate Judge reasoned that this showed that Hopson and Selby had previously discussed the precise amount to be sent to Tarter. Although this evidence is circumstantial, the Magistrate Judge determined that it was nonetheless sufficient to satisfy the "some evidence" standard set out by the Fifth Circuit.

Returning to the issue of the forfeiture of the money, the Magistrate Judge stated that it was not clear whether this issue properly sounded in habeas corpus, inasmuch as it does not affect the fact or length of Tarter's detention. Even were it construed as a civil rights claim, however, the Magistrate Judge concluded that it lacked merit. Because Tarter received a disciplinary case over the money, the Magistrate Judge determined that it was contraband and so Tarter had no property interest in it. To the extent that Tarter contended that the confiscation was unauthorized, the Magistrate Judge stated that the claim is barred by the *Parratt/Hudson Doctrine*, which states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991).

Tarter filed objections to the Magistrate Judge's Report on April 4, 2005. In his objections, Tarter first complains of the Magistrate Judge's conclusion with regard to the exhaustion issue, saying that one of his grievances was filed before the disciplinary case was heard and so he could not bring up any complaints about the case in that grievance. He also asserts that he did exhaust his claim concerning Captain Ross' comment, in grievance no. 2004146702.

Tarter's claim in this grievance, which is attached to his original petition, reads in pertinent part as follows:

> Then at 369 [of the tape indicator] D.H.O. Ross insinuated that "offender advice" was the same as a lawyer's "legal advice" thus a legal service. At 370-78 D.H.O. Ross in an attempt to manufacture an otherwise non-existent offense states on record "in all my years of experience I've never heard of inmates doing legal work for nothing" (where are all the disciplinary cases then?)

As the Respondent points out, however, this claim was raised only in the Step One of grievance no. 2004146702, which Step One was not reviewed on the merits because Tarter had previously filed a Step One grievance on the same claim. He did not assert this ground in his Step Two grievance.

Exhaustion of state remedies, in the habeas corpus context, requires pursuing relief through the highest available channels. *Cf.* Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985) (exhaustion of claims regarding convictions must be presented to the highest state court). In the case of prison disciplinary proceedings, the Fifth Circuit has held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies. Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978). Thus, exhaustion of these remedies necessarily means the pursuing of administrative remedies through the highest available level, or Step Two, of the grievance procedure. Because Tarter only presented this claim in his Step One grievance, the Magistrate Judge did not err in concluding that Tarter had failed to exhaust his administrative remedies on this claim.

Nor did the Magistrate Judge err in any other aspect of the exhaustion question. Tarter did not present either his first or third issues through both steps of the TDCJ-CID grievance procedure in any of the grievances that he filed regarding the disciplinary case forming the basis of this petition. Tarter's objection regarding the Magistrate Judge's conclusion on exhaustion is without merit.

Next, Tarter says that he was objecting to the "speedy manner" in which the questions were "verbalized" by Captain Ross. He says that he simply wanted Ross to speak in "normal speech

4

mannerisms" that would be easily comprehended. Tarter has failed to show that he was denied due process through Ross' manner of speaking.

Tarter then reiterates his contention that there was no evidence to sustain the finding of guilt. He says that Hopson stated that Tarter did not perform any services for him and that the letter from Selby made no mention of services already rendered by Tarter. He states that there was evidence only of a money order in the amount of $300.00, but no evidence of a "business operation."

These objections simply repeat the claims which Tarter made in his petition. As the Magistrate Judge observed, Selby's letter made clear that she was sending a defined, agreed amount to Tarter, "the $300.00." It is true, as Tarter says, that the letter did not mention his name nor did it specifically state that the money was been given in recompense for legal services. Nonetheless, the evidence in the case, while circumstantial, is sufficient to meet the "some evidence" test set out by the Fifth Circuit. As the Magistrate Judge stated, the evidence shows that Tarter was assisting Hopson with legal work, and that Hopson's sister, Rita Selby, sent him $300.00. A letter from Selby to Hopson refers to Hopson wanting her to send Tarter "the $300.00" out of the money she had been sending to Hopson. This indicates that Hopson and Selby had previously discussed the precise amount to be sent to Tarter.

The Court cannot re-try the disciplinary case and believe Tarter's evidence rather than the evidence of guilt, because no *de novo* factual review is required. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981). Tarter's objection on this point is without merit.

With regard to the forfeiture issue, Tarter asserts that the Magistrate Judge appeared to say that he received a disciplinary case for possession of the money, which is not true. In fact, as the Magistrate Judge made clear, the disciplinary case was for running an unauthorized business, which case involved the money. This objection is purely semantics.

Tarter then argues that he does have a constitutional protected interest in the money. However, the evidence shows that Tarter received the money through improper means, i.e. the running of an unauthorized business. The Magistrate Judge thus correctly concluded that the money

5

was contraband and so Tarter had no protected interest in it. His objection on this point was without merit.

Finally, Tarter says that the deprivation of the money was not "random or unauthorized" but was part of "routine Eastham Unit agency policy. The Magistrate Judge's discussion of whether the deprivation was "random or unauthorized" concerned Tarter's claim that this deprivation was done in violation of prison rules. Because Tarter has no protected interest in the money, he cannot complain of its deprivation. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, Tarter's response to the answer, the state records, the tape of the disciplinary proceeding, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings and filings in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this _14th_ day of April, 2005.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE